IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01008–MSK–KMT

JOHN THOMAS SEXTON, JR.,

    Plaintiff,

v.

GOVERNOR JOHN HICKENLOOPER,
MAYOR MICHAEL HANCOCK,
LT. JAMES HENNING OF DENVER POLICE DEPARTMENT,
UNKNOWN OFFICER OF DENVER POLICE DEPARTMENT,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Amend Complaint and Name Unknown Officer and Have Him Served with Complaint." (Doc. No. 79, filed May 28, 2014.) Defendants Hancock and Henning's (hereinafter "the Denver Defendants") Response was filed on June 23, 2014 (Doc. No. 81) and Plaintiff's Reply was filed on July 10, 2014 (Doc. No. 82). For the following reasons, Plaintiff's Motion to Amend is GRANTED.

## BACKGROUND

In his Prisoner Complaint, filed April 17, 2013, Plaintiff alleges that Defendant Hickenlooper, Hancock, Henning, and an "Unknown Officer of the Denver Police Department" (hereinafter the "Unknown Officer"), violated his First Amendment rights to free speech and

1

peaceful assembly, as well as his Fourth Amendment rights by falsely arresting him and subjecting him to "police brutality." (*See generally* Doc. No. 1 [hereinafter "Compl."].)

On June 26, 2013, just over two months after his Complaint was filed, Plaintiff filed a "Motion to Name Unknown Party," which sought discovery regarding the identity of the Unknown Officer. (*See*, Doc. No. 28, filed June 26, 2013.) The court denied this motion because it declined to allow discovery to be conducted before a Preliminary Scheduling Conference was held. (Minute Order, Doc. No. 32, filed June 27, 2013.)

A Preliminary Scheduling Conference was ultimately set for August 21, 2013. (*See* Doc. No. 31.)[1] Due to an inadvertent and excusable error—namely, Plaintiff put the wrong date for the Scheduling Conference into his calendar—Plaintiff failed to appear at the August 21, 2013 Scheduling Conference.[2]

Before the Preliminary Scheduling Conference could be reset, Defendants filed a Motion to Stay Proceedings pending a determination as to whether they were entitled to qualified immunity from Plaintiff's allegations. (Doc. No. 49, filed Aug. 27, 2013.) The court granted this Motion on October 1, 2013 and stayed all discovery in this matter pending ruling on Defendants' Motions to Dismiss. (*See* Order, Doc. No. 52.) Therefore the Preliminary Scheduling Conference was not reset at that time. (*Id.*)

Chief District Judge Marcia S. Krieger issued a ruling on Defendants' Motions to Dismiss

---

[1] The Scheduling Conference was previously set for August 12, 2013. (*See* Doc. No. 18.) However, it was reset for August 21, 2014 after the court granted Plaintiff's Motion to Continue Preliminary Scheduling Conference. (Doc. No. 31.)

[2] The court issued an Order to Show Cause based on Plaintiff's failure to appear at the Preliminary Scheduling Conference. The court subsequently discharged the Order to Show Cause based on Plaintiff's explanation. (*See* Doc. Nos. 45 & 46.)

on March 19, 2014.  (*See* Opinion and Order, Doc. No. 56.)  Accordingly, on March 26, 2014, this court lifted the stay of discovery and set a Scheduling Conference for May 13, 2014 (Minute Order, Doc. No. 60.)

Just over two weeks after the Scheduling Conference, Plaintiff filed his Motion to Amend. (*See* Mot. Am.)  Plaintiff's Motion to Amend seeks to amend the Complaint to identify the Unknown Officer as Officer Randy Hinricher.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "The court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West*, *Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957) *abrogated on other grounds by Bell Atl. Corp. v Twombly*, 550 U.S. 544 (2007).

## ANALYSIS

Defendants Hancock and Hickenlooper argue that Plaintiff's Motion to Amend should be denied as futile because his claims against Officer Hinricher would be barred by the applicable statute of limitations. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim" under Fed. R. Civ. P. 12(b)(6). *Id.* (citations omitted). Although the statute of limitations is an affirmative defense, questions regarding the statute of limitations may be resolved under Rule 12(b)(6) where the dates given in the complaint make clear that the right sued upon has been extinguished. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

"State statute of limitations applicable to general personal injury claims supply the limitations periods for [42 U.S.C. § 1983] claims." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999). Therefore, in this case, Plaintiff's claims are subject to a two-year statute of limitations. *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . must be commenced within two years"); *see also Hunt v. Bennett,* 17 F.3d 1263, 1265 (10th Cir. 1994) (finding that "§ 1983 claims are best

4

characterized as personal injury actions and we therefore apply" Colorado's two-year statute of limitations) (citation omitted).

Federal law, however, "governs the time of accrual of § 1983 claims." *Beck,* 195 F.3d at 577. Generally, a § 1983 claim "accrues when [a plaintiff] knew or should have known that his constitutional rights had allegedly been violated." *Parkhurst v. Lampert,* 264 F. App'x 748, 749 (10th Cir. 2008) (citing *Beck,* 195 F.3d at 557).

Here, Plaintiff's Complaint alleges that he was falsely arrested and a victim of police brutality on October 29, 2011, "when the unknown officer placed his hand around [Plaintiff's] neck and squeezed making [Plaintiff fear [his] life was in danger." (Compl. at 5.) Accordingly, the court finds that Plaintiff's claims against Officer Hinricher accrued on October 29, 2011. Plaintiff did not seek leave to amend his Complaint to name Officer Hinricher as a Defendant until May 28, 2014—more than two years after October 29, 2011. As such, Plaintiff's proposal to substitute Officer Hinricher for the Unknown Officer must be rejected as time-barred unless (1) Plaintiff's claims against Officer Hinricher relate back to the filing of the original Complaint, pursuant to Fed. R. Civ. P. 15(c), or (2) Plaintiff is entitled to equitable tolling of the statute of limitations.

### A.   *Relation Back*

Rule 15(c) governs when an amendment relates back to the original complaint and thereby avoids application of the statute of limitations. As is relevant here, Rule 15(c)(1)(C) provides that an amendment to a pleading relates back to the date of the original pleading when:

(C) the amendment changes the party or the naming of the party against whom a

> claim is asserted, if Rule 15(c)(1)(B)[3] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). All of the requirements of Rule 15(c)(1)(C) "must be met in order for [a plaintiff's] amended pleadings to relate back to the date of the original." *Garrett v. Fleming,* 362 F.3d at 692, 696 (10th Cir. 2004).

As a matter of law, "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity if the proper party' within the meaning of" Rule 15(c)(1)(C)(ii). *Id.* Thus, "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule [15(c)(1)(C)] was meant to address." *Id.* Accordingly, the court finds that Plaintiff's attempt to substitute Officer Hinricher for the Unknown Officer does not relate back to the date of Plaintiff's original Complaint.

### B.  *Equitable Tolling*

Equitable tolling[4] is governed by state law. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir.

---

[3] Rule 15(c)(1)(B) requires that "the amendment assert[] a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). This requirement is clearly satisfied in this case.

[4] Plaintiff's Reply does not explicitly argue that he is entitled to equitable tolling. However, Plaintiff does argue that the court's orders denying him an opportunity to conduct discovery prior to the Preliminary Scheduling Conference and granting Defendants' motion for a stay prevented him from conducting the discovery necessary to identify Officer Hinricher as the Unknown Officer. This is the essential thrust of extraordinary circumstances equitable tolling. Therefore, in light of Plaintiff's *pro se* status, the court construes Plaintiff's Reply to seek equitable tolling of the statute of limitations.

1995); *see also Wallace v. Kato,* 549 U.S. 384, 394 (2007) (recognizing that federal courts refer to state law for tolling rules). "Colorado recognizes that 'equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice.' At the same time, 'statutes of limitations compel litigants to pursue their claims in a timely manner.'" *Braxton v. Zavaras,* 614 F.3d 1156, 1161 (10th Cir. 2010) (quoting *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 1096 (Colo. 1996)). Thus, under Colorado law, "equitable tolling is limited to situations in which either [1] the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or [2] truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Noel v. Hoover,* 12 P.3d 328, 330 (Colo. App. 2000). Extraordinary circumstances are a basis for equitable tolling because "it is unfair to penalize the plaintiff for circumstances outside his or her control." *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 196-97 (Colo. 1996). "The extraordinary circumstances basis for equitable tolling requires the plaintiff to make a good faith effort to pursue any claims." *Noel v. Hoover,* `12 P.3d 328, 330 (Colo. App. 2000).

    The court finds that equitable tolling of the statute of limitations is warranted. Plaintiff made a good-faith effort to identify Officer Hinricher prior to the expiration of the statute of limitations, but was thwarted in those efforts by this court's orders. *Nasious v. City & Cnty. of Denver,* 415 F. App'x 877, 882 (10th Cir. 2011) (finding tolling justified where extraordinary circumstances were created by the court). Initially, the court deferred any discovery into the Unknown Officer's identity until after a Preliminary Scheduling Conference could be held. However, a Preliminary Scheduling Conference was not held until May 2014 because the court

granted Defendants' request for a stay of discovery pending resolution of their motions to dismiss. Thus, through no fault of his own,[5] Plaintiff was prevented from conducting the discovery into the Unknown Officer's identity prior to the expiration of the statute of limitations on October 29, 2013. These extraordinary circumstances warrant equitable tolling of the statute of limitations.

To be clear, the court is not suggesting that its rulings were improper. Instead, it simply finds that equitable tolling is warranted because to hold otherwise would give those procedural rulings the unintended effect of foreclosing a substantive review of the merits of Plaintiff's claims against Officer Hinricher. This would be inequitable and contrary to the goals of justice when Plaintiff's made good-faith efforts to discover Officer Hinricher's identity and those efforts were only thwarted by circumstances out of Plaintiff's control.

Accordingly, the court finds that the statute of limitations was equitable tolled from June 26, 2013 through May 13, 2014.[6] Further, on June 26, 2013, the date Plaintiff first attempted to ascertain Officer Hinricher's identity, 125 days remained before the statute of limitations expired on October 29, 2013. Because Plaintiff's Motion to Amend was filed 15 days after the end of the equitable tolling period, the court finds that Plaintiff's attempt to substitute Officer Hinricher for

---

[5] The court acknowledges that Plaintiff failed to file a response in opposition to Defendants' Motion to Stay. However, because the overwhelming weight of authority supports a stay of discovery when the defense of qualified immunity is raised, the court has little doubt that it would have granted a stay even if Plaintiff had filed opposition.

[6] The court acknowledges that the stay of discovery was lifted on March 26, 2014. However, if Plaintiff had moved to discover the Unknown Officer's identity at that time, the court likely would have denied it as premature prior to the Scheduling Conference, as in the June 27, 2013 Minute Order. Thus, May 13, 2014, the date the Scheduling Conference was held, marks the appropriate end-point of the equitable tolling period. Nevertheless, the court notes that Plaintiff's attempt to substitute Officer Hinricher for the Unknown Officer would be timely even if March 26, 2014 marked the end of the equitable tolling period.

the Unknown Officer is timely.

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion to Amend Complaint and Name Unknown Officer and Have Him Served with Complaint." (Doc. No. 79) is GRANTED. The Clerk of Court is directed to amend the case caption to substitute "Officer Randy Hinricher" for the "Unknown Officer of Denver Police Department." It is further

ORDERED that the United States Marshal Service is directed to serve Officer Hinricher with a copy of the Complaint (Doc. No. 1) and this Order.

Dated this 15th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge